UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIOGU KALU DIOGU II, INDIVIDUALLY, | § | CIVIL COMPLAINT |
| AND ON BEHALF OF ALL OTHERS | § | |
| SIMILARLY SITUATED | § | CASE NO. _____. |
| | § | |
| V. | § | |
| | § | |
| DAVID R. JONES, IN HIS OFFICIAL AND | § | |
| INDIVIDUAL CAPACITY; HONORABLE | § | |
| EDUARDO V. RODRIGUEZ, IN HIS | § | |
| OFFICIAL CAPACITY, AS THE CHIEF | § | |
| JUDGE FOR THE UNITED STATES | § | |
| BANKRUPTCY COURT FOR THE | § | |
| SOUTHERN DISTRICT OF TEXAS, | § | |
| HOUSTON DIVISION, THOMAS MICHAEL | § | |
| O'CONNOR, OFFICIAL CAPACITY, AS THE | § | |
| COMMANDANT, U.S. MARSHAL, | § | |
| SOUTHERN DISTRICT OF TEXAS | § | JURY DEMANDED |

---

## PLAINTIFF(S) ORIGINAL COMPLAINT

---

**COMES NOW THE PLAINTIFF, DIOGU KALU DIOGU II., LL.M.,**

**INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY**

**SITUATED** and sues the Defendants, David R. Jones, In His Official And Individual

Capacity; Honorable Eduardo V. Rodriguez, In His Official Capacity, As The Chief Judge

For The United States Bankruptcy Court For The Southern District Of Texas, Houston

Division, Thomas Michael O'Connor, Official Capacity, As The Commandant, U.S.

Marshal, Southern District Of Texas, and as grounds therefore alleges:

### I.  INTRODUCTION

1.  On 10/13/2023, news broke about Defendant David Jones and Ms. Freeman. For

failing to disclose a romantic relationship with an attorney who previously worked for a

law firm that regularly handled cases in his court. That the law firm had millions of

dollars of business before him, and he ruled favorably for them in violation of Model Code of Judicial Conduct Rule 2.11

2.  On the same day, Defendant Jones, signed three "**jurisdictionless orders**" **against Plaintiff** in favor, of Michael Durrschmidt.

3.  Michael Durrschmidt, is the lawyer who testified under oath, on or about June 21st, 2022, that he has had a very close relationship with Defendant Jones for 31 years. And that all this time, Defendant Jones has ruled favorably for him, also, a violation of Model Code of Judicial Conduct Rule 2.11. Judge Jones has yet to disclose it.

4.  On or about July 14th, 2022, Plaintiff filed a complaint against Defendant Jones for failing to disclose the 31-year close relationship he has maintained with Micheal Durrschmidt an attorney, opposing counsel in this case who previously worked as a partner with Defendant Jones, sharing the same office with Defendant Jones for decades, that regularly handled cases in his court. **[Exhibit 1; 2; 3; 4]**

5.  Micheal Durrschmidt represents Lakeland West Capital 41, LLC attempting to collect a time-barred debt in violation of 12 CFR 1006.26(b)[1] - regulation F. The defendant has ruled favorably for him in more than 200 legal actions or that he brought favorably in violation of Model Code of Judicial Conduct Rule 2.11.

## THE NATURE OF THE CASE

This is a civil action brought by Plaintiff(s) for damages, Injunctive relief, and Declaratory Judgment against Defendant David R. Jones, in his individual and Official capacity, and pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

---

[1]12 CFR 1006.26(b) Legal actions and threats of legal actions prohibited. A debt collector must not bring or threaten to bring legal action against a consumer to collect a time-barred debt.

**The action arose from a Jurisdictionless order under** Exhibits 10,11, and 12 **that we request to immediately enjoin and seek more damages for deprivation of the plaintiff's constitutional rights.**

The court is authorized to award Plaintiff(s) Injunctive relief, and Declaratory Judgment against Defendant David R. Jones, in his individual and Official capacity; Injunctive relief, and Declaratory Judgment against Defendants, Judge Eduardo V. Rodriguez, and Thomas Michael O'Connor in their official capacity.

## II.   PARTIES

6.  Plaintiff, Diogu Kalu Diogu II, is a citizen of the United States of America who presently resides at 4726 Gainsborough Drive, Brookshire, Texas 77423

7.  Defendant David R. Jones, at all times material herein, was an Article 1, bankruptcy judge in the United States District Court for the Southern District of Texas, Houston Division. He may be served with process at 515 Rusk Avenue Houston, TX 77002 or wherever he may be found.

8.  At all times at issue Defendant Jones who is white knows that Plaintiff is African American and Michael Durrschmidt is also white.

9.  Defendant Judge Eduardo V. Rodriguez is officially the Chief United States Bankruptcy Judge for the Southern District Of Texas, Houston Division. He may be served with process at 515 Rusk Avenue Houston, TX 77002.

10. Defendant, Thomas Michael O'Connor was the commandant, U.S. Marshal, Southern District Of Texas. He may be served with process at 515 Rusk Avenue Houston, TX 77002.

11. The US Marshal is sued because one of the Jurisdictionless Orders named it as a participant in the illegal act of unlawful attempting seizure of the Plaintiff's home,

3

private papers, information, communications, other exempt personal property
belonging to the Plaintiff and his minor children in violation of the Plaintiff's First,
Fifth, and Fourteenth Amendment rights; and racial and ethnic profiling in violation of
Plaintiff's Equal Protection and Due Process rights.

### III.    JURISDICTION AND VENUE

12. This action arises under and is brought pursuant to Bivens v. Six Unknown
Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

13. This Court has jurisdiction under 5 U.S.C. §§ 702 and 703 and 28 U.S.C. §§ 1331,
1346, and 1361.

14. The Court is authorized to award the requested, Damages, Declaratory and
Injunctive relief under 5 U.S.C. §§ 702 and 706 and 28 U.S.C. §§ 1361, 2201, and 2202.

15. Venue is proper within this District under 28 U.S.C. § 1391

### BACKGROUND

16. The following is based on information and belief.

1.      The case arose from a 5-year balloon note that was created on July 29, 2011, to
make monthly payments beginning on September 3rd, 2011 until the maturity date of August 3rd,
2016. The note **[Exhibit 5]** was secured by a deed of Trust. **[Exhibit 6]**

2.      The Defendant defaulted note's maturity date of August 3rd, 2016 because the
**$381,707.00** balloon payment was due on the same date and I could not afford it. Because the
default occurred on the maturity date, the Cause of Action accrued on August 3rd, 2016.
**[Exhibit 7]**

3.      On or about October 20th, 2016, Green Bank NA attempted to extend the
maturity date to February 3rd, 2017 but failed because it forged the Defendant's signature and
failed to properly record the extension in the deed record of Fort Bend County, Texas. **(Exhibit
8)**

4.      As a result, the 4-year statute of limitation for the real property contract ran on **August 3rd, 2020**. The deed of trust and the balloon note became void. (Collectively called "Real Property Lien") *See Tex. Civ. Prac. Rem. Code Ann*. § 16.035(d)

5.      The real property Lien became time-barred on 08/3/2020. 12 CFR 1006.26(a)

6.      On June 10th, 2021, four years and ten (10) months after the cause of action accrued **Lakeland West Capital 41, LLC** purchased, the real property lien from Veritex Community Bank without recourse **[Exhibit 9]** That sale was invalid ab initio because four years after the cause of action accrued, the power to bring Suit, Sale, including foreclosure sale of the real property lien. *See Tex. Civ. Prac. Rem. Code Ann*. § 16.035(d). *Woodside Assurance, Inc. v. N.K. Resources, Inc.*, 175 S.W.3d 421, 425-6 (Tex. App. 2005)

17. The Plaintiff declared bankruptcy on November 2nd, 2023 under cause number 4:21-bk- 21-33581, which was filed in the Southern District of Texas Bankruptcy Court, Houston Division. The Case was assigned to then Judge Jones.

18. Lakeland West Capital 41, LLC., with whom the Plaintiff has had no debtor-creditor relationship hired **Micheal Durrschmidt,** whom the Plaintiff now found to have a very close relationship with Judge Jones. That close relationship was the basis of his hiring.

19. All through this period, Defendant Jones, knew or should have known that Lakeland's Lien or debt was timed barred when he conspired with Micheal Durrschmidt and Lakeland to violate 15 USC 1692e. 12 CFR 1006.26(b) by signing the three jurisdictionless orders **[Exhibit 10, 11, 12]**. He lacked both statutory and constitutional authority to do so. As such he usurped judicial power to do so.

20.We had our first hiring on 12/17/2021, a hearing set by Durrschmidt. In that hearing, I made it clear to the Court that the statute of limitation ran on 8/3/2020 and Lakeland has zero interest in my property.

21. The Judge instead of denying the motion sought by Durrschmidt, Defendant Jones, started using condescending Racism tropes to defame the Plaintiff. Telling me that I was gaming the system just because I was an African; became essentially Lakeland's lawyer. He was so rude in his body language that I left his court traumatized, that I developed high blood pressure based on the racial discrimination I suffered before him

**22.**     During this period, I was made aware that Jones and Durrschmidt executed a "scheme in which clients would hire Durrschmidt to represent them and then get favorable treatment from Defendant Jones; because of his close relationship with him for years. Durrschmidt confirmed the rummer under oath. **[Exhibit 13]**

23. I was so traumatized by this racism and national origin animus that I suffered a stroke a day before I was supposed to appear in his court. My doctor will testify that my stroke was due to Defendant Jones's actions and conduct.

24. Instead of personally avoiding the Plaintiff's bankruptcy case because of his relationship with Michael Durrschmidt's attorney Defendant Jones. Jones without authority declared a TRO retroactively void to allow Michael Durrschmidt to foreclose on the Plaintiff's homestead.

25. It was during the eviction hearing, under 22-CCV-071305 Lakeland v. Diogu, in County Court number 2, Fort Bend County, Texas, relating to the void foreclosure that Michal Durrschmidt admitted the scheme under oath admitted the scheme with Jones under oath. The Plaintiff immediately informed the 5th Circuit.

**26.**     On 8/29/2023, the court set the issue for the dispositive submission docket for October 17, 2023, to which Lakeland Filed its pleading. **[Exhibit 14]**

27. On or about 7/29/2023, to circumvent the October 17th, 2023 submission that he was sure to lose because he lacked standing, he filed and set a hearing before Judge Jones Motion Declaring Debtor Vexatious Litigant, for Pre-Filing Injunction, for Sanctions and Statutory Penalties and Order Debtor, Vacate the Property Filed by Lakeland West Capital 41, LLC.

28. The Plaintiff responded by filing an emergency motion to Dismiss for lack of subject matter jurisdiction, **[Exhibit 15]**, a motion to quash, and a motion for continuance.

29. Defendant Jones denied Plaintiff's motion to quash and continuance.

30. Defendant Jones refused to rule on Plaintiff's Motion to dismiss because he did not want the world to know that Lakeland lacked standing.

**31.** Defendant Jones, granted Durrschmidt's Motion Declaring Debtor Vexatious Litigant, for Pre-Filing Injunction, for Sanctions and Statutory Penalties and Order Debtor, Vacate the Property Filed by Lakeland West Capital 41, LLC., even though Durrschmidt lacked standing to and Jones lacked jurisdiction as shown above and hearing itself was under appeal.

32. This is because Defendant Jones has known since 12/17/2023 that Lakeland lacks standing, to grant the frivolous motion he refused to rule on the Plaintiff's motion to dismiss for lack of jurisdiction which is mandatory in this Jurisdiction[2]. See ***In In re Paxton*** (granting a writ of mandamus, directing the district court to vacate its October 4, 2022 order and grant Paxton's motion to quash)

---

[2] A Federal court's obligation to consider a challenge to its jurisdiction is non-discretionary." *In re Paxton*, 60 F.4th 252,256-7 (5th Cir. 2023) (Citing *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) (per curiam); An appropriate jurisdictional challenge triggers a "duty of making further inquiry as to [the court's] own jurisdiction." Ibid. (quoting Opelika Nursing Home, Inc. v. Richardson, 448 F.2d 658, 666 (5th Cir. 1971))(

33. These **jurisdictionless orders** are a product of extreme racism and national origin animus, the attempt to use a condescending racism trope to defame, intimidate, and humiliate the Plaintiff into submission. The defendant's blatant racism caused Plaintiff to suffer a stroke[3], when that failed, he entered these Orders which he had no jurisdiction to enter.

34. The lawsuit ensued because the Jurisdictionless Order deprived the Plaintiff of his First Amendment rights, and Firth Amendment rights of equal protection, and due process of law and Taking.

35. On or about September 11th, 2023 Plaintiff sent an email to Defendant, Eduardo V. Rodriguez complaining about Defendant Jones's racism, and favoritism toward Michael Durrschmidt' without first determining his jurisdiction, but it was ignored. **[Exhibit 16]**

36. In his scheme to violate the Plaintiff's constitutional rights, Defendant Jones and Michael Durrschmidt wanted to employ the US Marshall and sued the US Marshal to enjoin the Good People from the US Marshal from being part of this elaborate fraud and conspiracy.

37. At all times at issue, the Defendants Jones and Rodrigues are Article 1, Judge, and Thomas Michael O'Connor, a federal officer were acting under the color of Federal Authority.

## CLASS ALLEGATIONS

38. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

---

[3] Plaintiff could have died had he not been flight-lifted to the Hospital.

39. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the state of Texas (1) who have appeared, or caused to appear before the Defendant in his capacity as the presiding Bankruptcy Judge in your case; (2) your opposing counsel was similarly situated like Elizabeth Freeman, Michael Durrschmidt, their law firm, or party you perceive to have a close relationship with the defendant, David Jones; (3) an African American who has filed for bankruptcy in the US Bankruptcy Court of the Southern District of Texas before the defendant and other Bankruptcy Judges; (4) you have received unfavorable outcome or adverse ruling; (5) within the four years preceding the date of this complaint through the date of class certification.

40. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such 1:22-cv-01090-JBM-JEH # 1 Page 4 of 12 5 excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. NUMEROSITY

41. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

42. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

43. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

44. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

## B. COMMONALITY AND PREDOMINANCE

45. There are many questions of law and fact common to the claims of the Plaintiff and the Putative Class.

46. Those questions predominate over any questions that may affect individual members of the Putative Class.

## C. TYPICALITY

47. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

## D. SUPERIORITY AND MANAGEABILITY

48. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy

49. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

50. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

51. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

E. **ADEQUATE REPRESENTATION**

52. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

53. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

54. The plaintiff has retained competent and experienced counsel in consumer class action litigation.

**COUNT NUMBER  3**
**VIOLATIONS OF RIGHTS SECURED BY THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**

55. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

56. All of the actions taken by Defendant Jones or those acting on behalf of Defendant Jones and referred to herein, including using condescending racism trope to defame Plaintiff's character, to create a condition conducive to attempt to steal his homestead even though it was never part of the bankruptcy estate and other unlawful acted perpetuated on the Plaintiff by Defendant Jones while acting under color of Federal Officer and had the effect of depriving Plaintiffs of rights secured by the Constitution and laws of the United States, specifically the Free Exercise Clause of the First Amendment to the United States Constitution.

57. The treatment that the Plaintiffs received and their discharges were carried out by Defendant Jones in retaliation for the exercise of their civil rights secured by the Free Exercise Clause of the First Amendment to the United States Constitution.

58. Defendant Jones's acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights.

59. Defendant Jones violated Plaintiff's Constitutional rights as described above.

60. When Defendant Jones violated Plaintiff's Constitutional rights, he was a federal officer acting under the color of federal authority.

61. Plaintiff lacks a statutory cause of action, or an available statutory cause of action does not provide a meaningful remedy for the unconstitutional actions of Defendant Jones against him.

62. An appropriate remedy, namely damages, can be imposed against Defendant Jones for his unconstitutional actions against Plaintiff.

63. Plaintiff sues Defendant Jones in his personal capacity with regard to Plaintiffs Bivens' claim against Defendant Jones.

64. Plaintiff was damaged by Defendant Jones' actions including, but not limited to, because he suffered a loss of his civil rights, because he was no longer provided equal access to the courts, because he experienced pain and suffering, because he experienced emotional distress and because he suffered monetary losses.

65. Plaintiff seeks compensatory and punitive damages against Defendant Jones in an amount to be decided by the trier of fact.

### COUNT NUMBER 4
### VIOLATIONS OF RIGHTS SECURED BY THE FREE EXERCISE CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

66. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

67. All of the actions taken by Defendant Jones or those acting on behalf of Defendant Jones and referred to herein, including using condescending racism trope to

defame Plaintiff's character, to create a condition conducive to attempt to steal his homestead even though it was never part of the bankruptcy estate and other unlawful acted perpetuated on the Plaintiff by Defendant Jones while acting under color of Federal Officer and had the effect of depriving Plaintiffs of rights secured by the Constitution and laws of the United States, specifically the secured by the Due Process and Equal Protection Clause of the Fifth Amendment to the United States Constitution.

68. The treatment that the Plaintiffs received and their discharges were carried out by Defendant Jones in retaliation for the exercise of their civil rights secured by the Due Process and Equal Protection Clause of the Fifth Amendment to the United States Constitution.

69. Defendant Jones's acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights.

70. Defendant Jones violated Plaintiff's Constitutional rights as described above.

71. When Defendant Jones violated Plaintiff's Constitutional rights, he was a federal officer acting under the color of federal authority.

72. Plaintiff lacks a statutory cause of action, or an available statutory cause of action does not provide a meaningful remedy for the unconstitutional actions of Defendant Jones against him.

73. An appropriate remedy, namely damages, can be imposed against Defendant Jones for his unconstitutional actions against Plaintiff.

74. Plaintiff sues Defendant Jones in his personal capacity with regard to Plaintiffs Bivens' claim against Defendant Jones.

75. Plaintiff was damaged by Defendant Jones' actions including, but not limited to, because he suffered a loss of his civil rights, because he was no longer provided equal

access to the courts, because he experienced pain and suffering, because he experienced emotional distress and because he suffered monetary losses.

76. Plaintiff seeks compensatory and punitive damages against Defendant Jones in an amount to be decided by the trier of fact.

**COUNT 5**
**ULTRA VIRES**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

77. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

78. Plaintiff suffered IIED because Defendant Jones: (1) acted intentionally or recklessly; 2) the defendant's conduct was extreme and outrageous; 3) the conduct caused the plaintiff emotional distress; and 4) the emotional distress was severe.

79. The defendant's racism, national origin animus, defamation of character, and use of condescending racism caused them the develop severe high blood pressure that finally led to a blood clot in his brain.

80. Plaintiff sues Defendant Jones in his personal capacity with regard to Plaintiffs Bivens' claim against Defendant Jones.

81. Plaintiff was damaged by Defendant Jones' actions including, but not limited to, because he suffered a loss of his civil rights, because he was no longer provided equal access to the courts, because he experienced pain and suffering, because he experienced emotional distress and because he suffered monetary losses.

82. Plaintiff seeks compensatory and punitive damages against Defendant Jones in an amount to be decided by the trier of fact.

**COUNT 6**
**ULTRA VIRES**
**UNCONSTITUTIONAL EXERCISE OF JUDICIAL POWER**

83. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

84. "Under Articles I and III, Congress has the authority to establish the jurisdiction of inferior federal courts and to regulate the appellate jurisdiction of this Court. See Art. I, § 8, cl. 9; Art. III, § 2, cl. 2; see also Patchak v. Zinke , 583 U. S. ––––, –––– – ––––, 138 S.Ct. 897, 906–908, 200 L.Ed.2d 92 (2018)." "It occasionally wields this power to prevent federal courts from reviewing certain actions through jurisdiction-stripping statutes. See, e.g., 12 U. S. C. §§ 1818(i)(1), 4208; 15 U. S. C. § 719h(c)(3) ; 31 U. S. C. § 3730(e)(4)(A). Guerrero-Lasprilla v. Barr, 140 S. Ct. 1062, 1078 (2020)

85. Before Regulation F (effective November 30, 2021), numerous courts had concluded that suing on a time-barred debt violated FDCPA § 1692e (deception) or § 1692f (unfairness).

86. Regulation F codified this, providing that, "[a] debt collector must not bring or threaten to bring a legal action against a consumer to collect a time-barred debt.

87. Regulation F defines "time-barred debt" as "a debt for which the applicable statute of limitations has expired and "statute of limitations" as "the period prescribed by applicable law for bringing legal action against the consumer to collect a debt.

88. Under regulation F., if a debt collector does sue to collect a time-barred debt, and if the consumer proves the expiration of the statute of limitations as an affirmative defense, the court will dismiss the suit.

89. The Jurisdictionless orders entered by Defendant Jones, are an unconstitutional exercise of judicial power because 12 CFR 1006.26(b) preclude federal question jurisdiction under 21 U.S.C. § 1331 from Lakeland West Capital 41, LLC to bring his legal

action of docket #52, titled, Motion Declaring Debtor Vexatious Litigant, for Pre-Filing Injunction, for Sanctions and Statutory Penalties and Order Debtor, Vacate the Property Filed by Lakeland West Capital 41, LLC.

90. The Court must set aside the three (3) Jurisdictionless Orders because it is an unconstitutional exercise of Spending Power. 15 U.S.C. § 1692e and 12 CFR 1006.26(b0

## COUNT NUMBER 7
## VIOLATIONS OF RIGHTS SECURED BY THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

91. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

92. At all times relevant herein, **Defendant, Rodriguez**, was the policy maker for the Bankruptcy court and supervisor of Defendant Jones

93. The acts and omissions of Defendant Rodriguez, were so culpable as to constitute authorization of, and acquiescence in, the unlawful conduct of Defendant Jones

94. Defendant, Rodriguez, is vicariously liable for the unlawful acts of Defendant Jones

95. Defendant, Defendant, Rodriguez's acts and omissions constituted a custom, practice, and policy of deliberate indifference to Plaintiff's constitutional rights secured by the First Amendment.

96. Defendants Defendant, Rodriguez's acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs' constitutional rights.

## COUNT NUMBER 8
## VIOLATIONS OF RIGHTS SECURED BY DUE PROCESS, EQUAL PROTECTION, AND THE TAKING CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

97. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

98. At all times relevant herein, Defendant Rodriguez was the policy maker for bankruptcy Court and supervisor of Defendant Jones.

99. The acts and omissions of Defendant Rodriguez were so culpable as to constitute authorization of, and acquiescence in, the unlawful conduct of Defendant Jones.

100. Defendant Rodriguez is vicariously liable for the unlawful acts of Defendant Jones.

101. Defendant Rodriguez is vicariously liable for the unlawful acts of Defendant Jones.

102. Defendant Rodriguez's acts and omissions constituted a custom, practice, and policy of deliberate indifference to Plaintiff's constitutional rights secured by the Equal Protection Clause of the Fifth Amendment.

103. Defendant Rodriguez's acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights.

## COUNT NUMBER 9
## PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS

104. The above paragraphs are incorporated herein.

105.  In addition to Plaintiff's Bivens claim against the Defendants, Plaintiff asks this Court to enjoin Defendant Jones from enforcing the illegal, unconstitutional, Orders, against Plaintiff.

106. Plaintiff sues Defendant in their official capacity in his request for Defendant to be enjoined from enforcing the illegal, unconstitutional, Orders against Plaintiff.

**COUNT NUMBER 10**
**PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF AGAINST ALL DEFENDANTS**

107.     The above paragraphs are incorporated herein.

108.     In addition to Plaintiff Bivens' claim and request for an injunction against Defendant Jones, Plaintiff asks this Court pursuant to FRCP Rule 57 and 28 U.S.C. §2201 to issue a Declaratory Judgment stating that Orders issued by Defendant Jones violate Plaintiff's Constitutional rights.

109.     Plaintiff sues Defendants in their official capacity in his request for a Declaratory Judgment against Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

a.  Plaintiffs re-alleges and incorporate by reference all of the preceding paragraphs in this complaint

b.  Assume jurisdiction over this action;

c.  Certify a class, referred to above as the Future Revocation Class, under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, represented by Plaintiff, related to the Claims for Relief;

d.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

e.  Trial by jury on all issues so triable;

f.  General and special compensatory damages;

g.  Punitive damages;

h.  Injunctive relief ordering Defendants to cease its attempt to enforce void Order;

i.    Award to Plaintiffs of reasonable attorneys' fees and costs incurred in connection with this action from the Defendants under 42 U.S.C. §1988;

j.    Pretrial interest on compensable attorney's fees; and, H. Such further and different relief as is just and proper or that is necessary to make the Plaintiff whole.

Respectfully submitted,

/s/    ***Diogu Kalu Diogu II, LL.M.***
Diogu Kalu Diogu II, LL.M.
4726 Gainsborough Drive
Brookshire, Texas 77423
Phone (713) 791 3225
Fax: (832) 408-7611
Diogu.diogu.law.firm@gmail.com